UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCK BERTONECHE

                                          Plaintiff,

              -against-

FORGE GLOBAL, INC., SOHAIL PRASAD, SAMVIT
RAMADURGAM, and KELLY RODRIQUES, jointly
and severally,

                                          Defendants.

Civil Action No. _____

**DEFENDANTS' NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF NEW YORK**

        **PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. Sections 1332, 1441

and 1446, Defendants Forge Global, Inc. ("Forge"), Sohail Prasad ("Prasad"), Samvit

Ramadurgam ("Ramadurgam") and Kelly Rodriques ("Rodriques") (collectively, "Defendants"),

hereby remove this matter to the United States District Court for the Southern District of New

York from the Supreme Court of the State of New York, County of New York.  The grounds for

removal are as follows:

## CITIZENSHIP OF THE PARTIES

        1.      In accordance with Local Civil Rule 81.8, Defendants provide the following

information: (1) the residence and domicile, and any other state or other jurisdiction in which

Plaintiff is a citizen for purposes of 28 U.S.C. § 1332; (2) the residence and domicile, and any

other state or other jurisdiction in which Defendants Prasad, Ramadurgam and Rodriques are

citizens for purposes of 28 U.S.C. § 1332; and (3) the state of incorporation, principal place of

business, and any other state in which Forge is a citizen for purposes of 28 U.S.C. § 1332.

    a.   Plaintiff Franck Bertoneche ("Plaintiff") does not allege his residence in the Summons with Notice, but upon information and belief, based on the business records maintained by Forge, Plaintiff's last known residence is 138 Broadway, Apartment 5G, Brooklyn, New York 11211, which is within the state of New York.  See Declaration of Carla Carriveau, dated August 7, 2020, attached hereto as Exhibit "A" ("Carriveau Decl."), ¶ 4.

    b.   Upon information and belief, Plaintiff is not a citizen of the United States and is a permanent resident of the United States.  See Carriveau Decl., ¶ 5.

    c.   Plaintiff, through his counsel, has also made representations to counsel for Defendants that he no longer resides in New York and has permanently relocated to France.  See Carriveau Decl., ¶ 6.[1]

    d.   Defendant Sohail Prasad is a resident of the State of Texas and is domiciled there.  See Carriveau Decl., ¶ 7.

    e.   Defendant Samvit Ramadurgam is a resident of the State of Texas and is domiciled there.  See Carriveau Decl., ¶ 8.

    f.   Defendant Kelly Rodriques is a resident of the State of California and is domiciled there.  See Carriveau Decl., ¶ 9.

    g.   Forge is organized under the laws of the State of Delaware and its principal place of business is located in the State of California.  See Carriveau Decl., ¶ 3.

### PROCEDURAL HISTORY

2.    On July 9, 2020, Plaintiff commenced a civil action by filing a summons with notice in the Supreme Court of the State of New York, County of New York (the "New York

---

[1] Due to confidentiality concerns, Defendants have not submitted a copy of the April 23, 2020 letter from Plaintiff's counsel for Defendants as an exhibit to the Carriveau Decl., but this document is available if the Court requests it.

Supreme Court"), captioned as <u>Franck Bertoneche v. Forge Global, Inc. et al.</u>, Index No. 155172/2020 (the "Summons with Notice").  The Summons with Notice seeks a declaratory judgment that Defendants' conduct at issue violated New York common law, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") and seeks damages in excess of $5,000,000, along with attorneys' fees and costs and such other and further relief as the Court deems proper for Defendants' alleged violations of New York common law, the NYSHRL and the NYCHRL. Summons with Notice, 2.  A copy of the Summons with Notice is attached hereto as Exhibit "B."

3.    Carriveau accepted service on behalf of Defendants at her home in California on July 28, 2020.  Carriveau Decl., ¶ 10

4.    A copy of a print-out of the electronic docket of the New York Supreme Court proceeding is attached hereto as Exhibit "C."

5.    No proceedings have been held in the New York Supreme Court, and the Summons with Notice, attached hereto as Exhibit "B," along with an affirmation/affidavit of service filed on August 4, 2020, constitute all process, pleadings and orders received or served on Defendants, or which Defendants are otherwise aware.

**GROUNDS FOR REMOVAL**

6.    Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7. Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332.

### A. The Prerequisites For Diversity Jurisdiction Are Met.

#### (a) There Is Complete Diversity Between Plaintiff and Defendants Based on Plaintiff's New York Domicile

8. Defendants may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. See 28 U.S.C. § 1332(a)(1).

9. Upon information and belief, Plaintiff is not a citizen of the United States, but rather a permanent resident of the United States who resides in New York. See Carriveau Decl., ¶ 4, 5. For purposes of establishing diversity jurisdiction, an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled. Tagger v. Strauss Grp. Ltd., 951 F.3d 124 (2d Cir. 2020) (citing Pub. L. No. 100-702, § 203(a), 102 Stat. 4642, 4646 (1988)).

10. For purposes of establishing diversity jurisdiction under 28 U.S.C. § 1441, an individual is a citizen of the state in which he or she is domiciled. Van Buskirk v. United Grp. of Cos., 935 F.3d 49, 53 (2d Cir. 2019) ("an individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.") (quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed. Id. (citing Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002)). Defendants Prasad and Ramadurgam are residents of the State of

Texas and domiciled in Texas.  See Carriveau Decl., ¶¶ 7-8. Defendant Rodriques is a citizen of the State of California and domiciled in California.  See Carriveau Decl., ¶ 9.

11.     For purposes of establishing diversity jurisdiction under 28 U.S.C. § 1441, a corporation is deemed a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Forge is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of California.  See Carriveau Decl., ¶ 3.  Accordingly, Forge is a citizen of Delaware and California for purposes of diversity jurisdiction.

**(b)     In the Alternative, There Is Complete Diversity Between Plaintiff and Defendants If Plaintiff Has Permanently Relocated to France**

12.     In the alternative, if Plaintiff has permanently relocated to France as he has represented to Defendants (see Carriveau Decl. ¶ 6), he is now domiciled there instead of New York for purposes of determining diversity jurisdiction.  See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) ("It is well established that in order to 'effect a change in one's legal domicil[e], two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there.'") (quoting Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 383 (1904)).  If that is the case, there is still complete diversity between the parties as this Court shall have original jurisdiction of all civil actions meeting the requisite amount in controversy that are between citizens of a State and citizen or subjects of a foreign state, which includes the present case where Plaintiff is a citizen of France, Defendants Prasad and Ramadurgam are citizens of Texas, Defendant Rodriques is a citizen of California, and Defendant Forge is a citizen of Delaware and California.  28 U.S.C. § 1332(a)(2).  See Carriveau Decl. ¶¶ 3, 6, 7-9.

**(c)     The Amount In Controversy Exceeds $75,000**

13.     Plaintiff seeks damages in excess of $5,000,000 with interest, plus attorneys' fees and costs.  See Exhibit "B", 2.

14.     Thus, the amount in controversy clearly exceeds the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332 are met and this action is, therefore, properly removable to the United States District Court for the Southern District of New York.

**B.  Venue Is Proper in the Southern District of New York**

15.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of New York, where Plaintiff originally filed this action.

**C.  Defendants Have Timely Filed Their Notice of Removal**

16.     In accordance, with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty (30) days have not expired since Defendants were served on July 28, 2020 and the Summons with Notice was filed in the Supreme Court of the State of New York, County of New York on July 9, 2020.  See Carriveau Decl. ¶ 10, Exhibit "C."

**D.  The Notice of Removal Complies With 28 U.S.C. §§ 1445 and 1446**

17.     This action is not an action described in 28 U.S.C. § 1445.

18.     Consistent with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in and consent to the removal of this action.

19.     Consistent with 28 U.S.C. § 1446(d), Exhibit "C" lists all process, pleadings, and orders that have been filed in the state court action.

20.     Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff's counsel.

21.     By filing a Notice of Removal, Defendants do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this case from the Supreme Court of the State of New York, County of New York, and respectfully request that this Court assume complete jurisdiction over the case for all future proceedings.

Dated:  New York, New York
        August 7, 2020

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4054

By:     */s/ John A Snyder*
        John A. Snyder
        Katherine Kettle Di Prisco

        Attorneys for Defendants

7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2020, the foregoing Notice of Removal, including the attached exhibits, was filed via the ECF filing system and served by overnight mail on the following:

Maria Chickedantz, Esq.
Chickedantz Law
112 Washington Avenue, No. 1
Brooklyn, New York 11205

*Attorneys for Plaintiff*

/s/ *Katherine K. Di Prisco*
Katherine K. Di Prisco

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCK BERTONECHE

                          Plaintiff,

      -against-

FORGE GLOBAL, INC., SOHAIL PRASAD, SAMVIT RAMADURGAM, and KELLY RODRIQUES, jointly and severally,

                        Defendants.

Civil Action No. _____

## DECLARATION OF CARLA CARRIVEAU

I, CARLA CARRIVEAU, hereby declare:

1.      I submit this declaration in support of Defendants Forge Global, Inc. ("Forge"), Sohail Prasad, Samvit Ramadurgam and Kelly Rodriques's (collectively, "Defendants") Notice of Removal.  Because of my job duties, I know the facts in this declaration to be true of my own personal knowledge or based on records kept in the ordinary course of business.  If called as a witness, I could and would testify competently under penalty of perjury to the matters set forth in this declaration.

2.      I am Chief Legal Officer at Forge.  In this position, I know and understand the corporate structure of Forge, and the location and functioning of the corporations' headquarters/principal place of business. I have also personally consulted company records regarding Plaintiff Franck Bertoneche's employment with Forge.

3.      Forge is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of California.

4.      According to records maintained by Forge in the ordinary course of business, Plaintiff's last known residence is 138 Broadway, Apartment 5G, Brooklyn, New York 11211.

5.      According to records maintained by Forge in the ordinary course of business, Plaintiff is a permanent resident of the United States and is not a citizen of the United States.

6.      Forge received a demand letter, dated April 23, 2020, from counsel for Plaintiff that made representations that Plaintiff has permanently relocated to France.

7.      According to records maintained by Forge in the ordinary course of business, Sohail Prasad's last known address was 301 West Avenue, Apartment 4808, Austin, Texas.  By telephone call with Mr. Prasad on August 4, 2020, I confirmed this is his address and he resides in the State of Texas.

8.      According to records maintained by Forge in the ordinary course of business, Samvit Ramadurgam's last known address was 301 West Avenue, Apartment 1801, Austin, Texas.  By telephone call with Mr. Ramadurgam on August 4, 2020, I confirmed this is his address and he resides in the State of Texas.

9.      According to records maintained by Forge in the ordinary course of business, Kelly Rodriques's last known address was 224 Woodland Road, Kentfield, California. By telephone call with Mr. Rodriques on August 6, 2020, I confirmed this is his address and he resides in the State of California.

10.     I accepted service of the Summons with Notice on behalf of Defendants at my home in California on July 28, 2020.

11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7 day of August, 2020 in ___Mill Valley___, California.

DocuSigned by:

*Carla Carriveau*

1FFCE13747FB47D...

Carla Carriveau

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
FRANCK BERTONECHE,

                Plaintiff,

    -against-


FORGE GLOBAL, INC., SOHAIL PRASAD, SAMVIT
RAMADURGAM, and KELLY RODRIQUES, jointly and
severally,

                Defendants.
------------------------------------------------------------------------x

**SUMMONS WITH NOTICE**

Index No. _____

Date Purchased: _____

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance upon Plaintiff FRANCK BERTONECHE's attorney at the address set forth below within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if the Summons is not delivered personally to you within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** in case of your failure to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein.


Dated: July 9, 2020                CHICKEDANTZ LAW



                              By: Maria L. Chickedantz
                              112 Washington Avenue, No. 1
                              Brooklyn, NY 11205

## ADDRESSES FOR DEFENDANTS

**Forge Global, Inc.**
415 Mission Street
San Francisco, CA 94105

**Sohail Prasad**
415 Mission Street
San Francisco, CA 94105

**Samvit Ramadurgam**
415 Mission Street
San Francisco, CA 94105

**Kelly Rodriques**
415 Mission Street
San Francisco, CA 94105

## NOTICE:

This action seeks: (1) a declaratory judgment that Defendants' conduct at issue in this matter amounts to violations of New York common law, the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107(7) ("NYCHRL"); and (2) damages for Defendants' violations of New York common law, NYSHRL and NYCHRL.

## RELIEF SOUGHT:

The relief sought is: (1) a declaratory judgment that Defendants' conduct at issue violated New York common law, NYSHRL, and NYCHRL; (2) damages in excess of $5,000,000 with interest; (3) attorneys' fees and costs; and (4) such other and further relief as this Court deems just and proper.

## VENUE:

Pursuant to Section 509 of the CPLR, Plaintiff designates New York County as the place of trial. See C.P.L.R. § 509. In addition, pursuant to Section 503 of the CPLR, venue in this county is proper as all Defendants have business operations in New York County and Defendant Forge Global Inc.'s principal New York office is located in New York County at 135 Madison Avenue, 5th Floor, New York, New York, 10016.. See C.P.L.R. § 503.

# EXHIBIT "C"

NYSCEF

New York County Supreme Court

**Document List**

**Index #   155172/2020**

Created on:08/05/2020 11:40 AM

Case Caption:   **Franck Bertoneche v. Forge Global, Inc. et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS WITH NOTICE | Processed | 07/09/2020 | Chickedantz, M. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavits of Service for Forge Global, Inc., Sohail Prasad, Samvit Ramadurgam, Kelly Rodriques | Processed | 08/04/2020 | Chickedantz, M. |